UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: George Edward Jossell, xxx-xx-4583,
Debtor.                                             No. 18-10339-j13

## LIMITED OBJECTION TO MOTION TO DISMISS

COMES NOW George Edward Jossell ("Debtor"), through his counsel William F. Davis & Assoc., P.C. (William F. Davis, Esq.), and hereby files this limited objection to the Chapter 13 Trustee's Motion to Dismiss. Doc. 44. Generally, Debtor agrees to the dismissal of this case, but requests that the Court clarify that upon dismissal, the Order Granting Debtor's Amended Motion to Confirm that the Stay Does Not Apply or in the Alternative to Authorize the Sale of Property and also to Modify the Stay to Allow the State Court to Rule (the "Order Modifying Automatic Stay"), Doc. 26, has no continued vitality. In support hereof, Debtor states as follows:

### Background

1. Debtor commenced this Chapter 13 bankruptcy on February 14, 2018. Doc. 1.

2. On May 17, 2018, the Court entered the Order Modifying Automatic Stay. Doc. 26. The Order Modifying Automatic Stay recited that the Debtor was involved in divorce proceedings before the Circuit Court of Cook County Illinois (the "State Court"), and that the State Court planned to determine the interest of the Debtor in certain property (the "Church Property"). Doc. 26. The Order Modifying Automatic Stay allowed for the sale of the Church Property and for the State Court to determine the Debtor's interest in the sale proceeds. *Id.* at ¶¶ A-B. If the State Court deemed the Church Property to have been owned by the Debtor, the proceeds from the sale thereof were to be turned over to the Chapter 13 Trustee. *Id.* at ¶ B.

3. Debtors Chapter 13 Plan, Doc. 3, was confirmed on May 21, 2018. Doc. 27.

4. In April of 2019, Debtor retired from his job, thereby substantially reducing his income. Because of this change in income, Debtor has been unable to make payments under his

confirmed Chapter 13 Plan or under any feasible modified plan.

5. This case has not been converted under any other chapter of Title 11 of the United States Code.

6. As of the filing of this Motion, the State Court has not deemed the Church Property to have been owned by the Debtor.

7. The Chapter 13 Trustee filed her Motion to Dismiss on July 10, 2019. Doc. 44. The Motion to Dismiss does not mention the Order Modifying Automatic Stay or provide for its devitalization as part of the dismissal of this case.

## Argument

8. Under 11 U.S.C. 349(b)(3), dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."

9. Furthermore, dismissal of a bankruptcy case "vacates any order, judgment, or transfer, ordered . . . under section . . . 542 . . . of this title . . . ." 11 U.S.C. § 349(b)(2).

10. 11 U.S.C. § 105(a) allows "[t]he court . . . [to] issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11. Insofar as dismissal "revests the property of the estate in the [Debtor]," 11 U.S.C. § 349(b)(3), it would be inappropriate, following dismissal, to carry out those provisions in the Order Modifying Automatic Stay that conditionally call for the turnover to the Chapter 13 Trustee of the sale proceeds of the Church Property.

12. Furthermore, although the Order Modifying Automatic Stay does not explicitly invoke 11 U.S.C. § 542, its conditional provision for turnover of the sale proceeds of the Church Property is a form of relief under 11 U.S.C. § 542(a), which provides for turnover of property of the estate to

the trustee. Thus, under 11 U.S.C. § 349(b)(2), it should be deemed vacated by dismissal of this case.

    13. To eliminate any ambiguity as to the post-dismissal vitality, or lack thereof, of the Order Modifying Automatic Stay, this Court should confirm that the Order Modifying Automatic Stay has no continuing vitality upon dismissal of this case. Such confirmation falls within the Court's authority to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

    WHEREFORE, the Debtor prays that the Court dismiss this bankruptcy case, confirm that the Order Modifying Automatic Stay has no continued vitality post-dismissal, and grant such other and further relief the Court deems just and proper.

    Respectfully submitted,

WILLIAM F. DAVIS & ASSOC., P.C.
/s/ Electronically filed 8/2/2019
William F. Davis, Esq.
6709 Academy Rd NE, Suite A
Albuquerque, NM  87109
Phone: (505) 243-6129
Fax: (505) 247-3185
daviswf@nmbankruptcy.com

I hereby certify that on August 2, 2019, a true and correct copy of the foregoing was uploaded via the Court's CM/ECF filing system, whereupon service was automatically effected upon all parties registered therewith to receive service in this matter.

/s/ 8/2/2019
William F. Davis, Esq.

F:\Jossell, George\Pleadings\Limited Objection to Trustee's Mx to Dismiss.doc